Garfunkel, Wild & Travis, P.C.
111 Great Neck Road
Great Neck, NY 11021
Telephone: (516) 393-2200
Facsimile: (516) 466-5964
Burton S. Weston, Esq. (BW 3915)
Afsheen Shah, Esq. (AS 1672)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11

NEW YORK WESTCHESTER SQUARE
MEDICAL CENTER,                                              Case No. 06-13050 (SMB)

                              Debtor.
------------------------------------------------------------x

**STIPULATION AND ORDER LIFTING AUTOMATIC STAY AND LIMITING
RECOVERY CLAIM TO AVAILABLE INSURANCE PROCEEDS**

This STIPULATION AND ORDER is before the Court on the stipulation and agreement of New York Westchester Square Medical Center (the "Debtor"), as debtor and debtor-in-possession, in the above captioned Chapter 11 case, and Louise Burkart (the "Claimant"), to modify and lift the automatic stay in connection with the action entitled Louise Burkart v. Anthony Carella, M.D., Sansern Hastanan, M.D., Nilesh Balar, M.D., Elena Vezza, M.D. and New York Westchester Square Medical Center, Index. No. 16486/06 (the "Action") commenced, against the Debtor, among others, as defendant and the Court is hereby advised as follows:

A.    On December 19, 2006, (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

676920v.1

B. The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code and no Trustee or examiner has been appointed in this case.

C. On January 3, 2007, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors Committee").

D. Prior to the Petition Date, the Claimant commenced the Action against the Debtor in the Supreme Court of the State of New York based on alleged carelessness, negligence and medical malpractice.

E. Upon commencement of the Chapter 11 Case, the Action was stayed pursuant to Section 362(a) of Title 11 of the United States Code (the "Bankruptcy Code").

F. In connection with the Action, the Claimant seeks relief from the automatic stay imposed by 11 U.S.C. § 362(a) (the "Automatic Stay") to pursue, inter alia, a liquidation of its claim alleging malpractice and negligence against the Debtor (the "Malpractice Claim") through a prosecution and/or settlement of the Action and also for the purpose of collecting any amount determined in the Action by final Order or Settlement to be due to the Claimant exclusively from applicable insurance proceeds. In furtherance thereof, on or about August 10, 2007, the Claimant filed a motion (Docket No. 212) with this Court seeking relief from the automatic stay to be able, among other things, to liquidate the claim.

G. The Debtor maintains professional liability insurance with third party insurers (the "Insurance Policies") which cover claims of the type asserted by the Claimant and which occurred during the applicable policy period. The Debtor has been advised through actuarials that there should be sufficient insurance coverage to pay in full any judgment obtained or settlement reached in the Action.

676920v.1

H.  Notwithstanding the likelihood of sufficient coverage, the Claimant herein has been advised, is fully aware, and accepts the risk that, if and to the extent Claimant's Malpractice/Negligence Claim is valid and liquidated, there may not be sufficient insurance to provide for the full payment of the Malpractice Claim.

I.  The Claimant is further aware that PRI's limit of liability does not drop down to provide coverage for the first $100,000 with respect to any judgment, decision, decree, order or award that may be rendered in the medical malpractice action, arbitration or mediation.

J.  The Claimant has agreed to waive any claims Claimant may have against the Debtor's estate as a result if the alleged malpractice/negligence upon a determination and/or settlement of the Malpractice Action.

K.  The Debtor is prepared to consent to relief from the Automatic Stay on the terms and conditions specifically set forth herein and on the condition that any amounts sought be recovered by the Malpractice Claimant upon the liquidation of the Malpractice Claim by a final order or settlement be recovered solely from the proceeds of any applicable insurance and that the Claimant waive any and all right to a distribution from the Debtor's estate.

**NOW, THEREFORE**, subject to the approval of this Court, the Debtor and Claimant agree as follows:

1.  The Automatic Stay is hereby modified solely to permit the Claimant to proceed with the Action to judgment and/or settlement and collection from the Debtor's Insurance Policies without further action of this Court; provided however, that:

    (a)  any amounts recovered by the Claimant by a final order or settlement as against the Debtor shall be limited to the available proceeds of the Debtor's Insurance Policies;

    (b)  the Claimant hereby waives his/her right, if any, to collect any amount with respect to the Malpractice Claim against the Debtor's estate;

    (c)    the Claimant agrees that he/she shall not file a proof of claim in this case, or otherwise seek recovery from the Debtor's estate in any manner with respect to any claim arising from, or related to, the Malpractice Claim or Action and that to the extent a proof of claim already has been filed in this case, that such proof of claim shall be deemed withdrawn upon the approval of this Stipulation and

    (d)    the defense costs and other related fees and expenses associated with the Malpractice Action are covered by the Insurance Policies.

    2.    This Stipulation is subject to the approval of the Bankruptcy Court and shall not become effective against the Debtor unless and until it is "so-ordered" by the Court.

    3.    The Claimant acknowledges and agrees that the recovery of the Claimant shall be limited to the insurance coverage available to the Debtor, if any, under the Insurance Policies and the Claimant shall release the Debtor, its estate, its directors, officers, employers or agents, including without limitation, the Covered Employees from any and all claims, whether direct or indirect, arising out of or related to the Action, beyond the extent of any payment to the Claimant from applicable insurance proceeds. Claimant further agrees that it shall not seek any recovery from the Debtor, its estate, directors, officers, employees or agents, including without limitation, the Covered Employees, for any amounts that may be awarded to Claimant with respect to the Malpractice Claim and/or the Action.

    4.    Except as otherwise provided herein, this Stipulation may not be modified other than by a signed writing executed by the Debtor and the Claimant, or by a further order of the Bankruptcy Court.

    5.    Notwithstanding the foregoing, the terms of this Stipulation may be modified pursuant to the terms of a confirmed plan of reorganization (the "Plan"); provided, however, to the extent the Plan modifies or restricts the Claimant's ability to recover against the Primary Insurance (as may be available), then the Claimant shall be free to assert a claim against the

676920v.1

Debtor for the amount exceeding the available proceeds of Primary Insurance.  The Debtor expressly reserves all rights to object to the allowance of any such filed claim.

6. Each party executing this Stipulation represents that such party has the full authority and legal power to do so.

7. Each party understands and agrees that this Stipulation and Order is solely to allow the Claimant to Litigate the Action against the Debtor to the extent of available insurance coverage under the Insurance Policies, and that the Stipulation and Order shall not be construed as an admission of liability by the Debtor.

8. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the party hereto to be charged.

9. The Bankruptcy Court shall retain jurisdiction over the subject matter of this Stipulation to resolve all disputes relating thereto and to enforce the settlement set forth herein.

Dated: October 3, 2007
      Great Neck, New York

                                    GARFUNKEL, WILD & TRAVIS, P.C.
                                    Attorneys for the Debtor

                                    By: /s/ Afsheen A. Shah
                                          Burton S. Weston (BW 3915)
                                          Afsheen A. Shah (AS 1672)
                                          111 Great Neck Road
                                          Great Neck, NY 11021
                                          (516) 393-2200

676920v.1

Dated: October 3, 2007
     New York, New York

                           SHEARER & ESSNER, LLP

                           By: /s/ David M. Shearer
                           David M. Shearer (DS 8265)
                           50 Broadway
                           New York, New York 10004

SO ORDERED THIS 4TH
DAY OF OCTOBER, 2007

  /s/   **STUART M. BERNSTEIN**
HON. STUART M. BERNSTEIN
CHIEF UNITED STATES BANKRUPTCY JUDGE

6

676920v.1