UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:

NEW YORK WESTCHESTER SQUARE
MEDICAL CENTER,

              Debtor.

------------------------------------------------------------- x

Chapter 11

Case No. 06-13050 (smb)

**ORDER DISMISSING CASE PURSUANT TO 11 U.S.C. § 105 (C) AND 1112(B)**

Upon the motion dated November 12, 2014 (the "Motion")[1] of New York Westchester Square Medical Center ("NYWSMC"), as debtor and debtor in possession (the "Debtor"), in this Chapter 11 Case, seeking entry of an Order dismissing the Debtor's Chapter 11 Case pursuant to sections 105(a) and 1112(b); and a hearing having been held on the Motion on December 9, 2014 (the "Hearing"); and upon the record made at the Hearing; and the Court having found that (a) the Debtor cannot demonstrate a reasonable likelihood of rehabilitation, (b) the Debtor cannot propose a confirmable plan of reorganization and/or liquidation, and (c) there are no unusual circumstances establishing that dismissing the case is not in the best interests of the creditors; and based on the foregoing, the Court having concluded that cause exists to grant the relief requested in the Motion; and the relief requested being necessary and in the best interests of the Debtor's estate and its creditors; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED:

        1.    The Motion is granted.

---

[1] Capitalized terms, unless herein defined, shall have such meaning as ascribed in the Motion.

2583363v.3

2. Pursuant to 11 U.S. C. §§ 105(a) and 1112(b), the Chapter 11 case of New York Westchester Square Medical Center [Case No. 06-13050(smb)] is hereby DISMISSED effective as of the date of this Order.

3. Effective as of the date of this Order, the Debtor's claims and noticing agent, Donlin Recano & Company, Inc. shall be relieved of its responsibilities as the Debtor's claims and noticing agent in this Chapter 11 Case.

4. Monica Terrano, the Debtor's wind down officer, is hereby appointed as the disbursing agent (the "Disbursing Agent"), to make payment on account of the outstanding administrative claims. ~~and continue the prosecution, resolution and/or reconciliation of any objections, to the extent necessary. The Disbursing Agent may retain counsel to assist in the exercise of her duties. The Disbursing Agent shall be paid from the estate at the rate of $160.00 per hour. The Disbursing Agent shall not be required to procure any bond.~~ **[SMB: 12/10/14]**

5. Upon entry of this Order, the Debtor's disbursing agent shall be directed to make *pro rata* distributions of the Estate's remaining funds, in the approximate amount of 10%-12%, to the holders of allowed administrative claims as are set forth on Exhibit A hereto. The Debtor shall also be authorized to take all such other and further actions as may be necessary or required to wind-down its remaining affairs.

2

2583363v.3

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 10th, 2014
New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

2583363v.3